Justice Breyer,
dissenting.
For many of the reasons that Justice Stevens sets forth, I believe the statutory provision before us applies to intentional, but not to accidental, discharges of firearms. As Justice Stevens points out, this Court in Bailey v. United States, 516 U. S. 137, 148 (1995), held that simple possession of a firearm, without some type of “active employment,” such as “brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire,” did not consti *584 tute “use” of a firearm. See ante, at 579 (dissenting opinion). It seems possible, if not likely, that Congress, in this statute, amended then-existing law by criminalizing the “simple possession” that Bailey found insufficient and then imposed a set of ever more severe mandatory sentences for the conduct that the Court listed in Bailey when it considered ways in which an offender might use a firearm. See ante, at 579. If so, the statutory words “is discharged,” 18 U. S. C. § 924(c)(l)(A)(iii), refer to what Bailey called “firing,” and they do not encompass an accidental discharge.
I concede that the Court lists strong arguments to the contrary. But, in my view, the “rule of lenity” tips the balance against the majority’s position. The “rule of lenity” as ordinarily applied reflects the law’s insistence that a criminal statute provide “fair warning ... of what the law intends to do if a certain line is passed.” United States v. Bass, 404 U. S. 336, 348 (1971) (internal quotation marks omitted). But here, where a mandatory minimum sentence is at issue, its application reflects an additional consideration, namely, that its application will likely produce an interpretation that hews more closely to Congress’ sentencing intent.
That is because, in the case of a mandatory minimum, an interpretation that errs on the side of exclusion (an interpretive error on the side of leniency) still permits the sentencing judge to impose a sentence similar to, perhaps close to, the statutory sentence even if that sentence (because of the court’s interpretation of the statute) is not legislatively required. See, e.g., United States Sentencing Commission, Guidelines Manual §2B3.1(b)(2) (Nov. 2008) (Specific Offense Characteristics) (possibly calling for a 7-to-9-year increase in the sentencing range in a case like this one). The sentencing judge is most likely to give a low non-Guidelines sentence in an unusual case — where the nature of the accident, for example, makes clear that the offender was not responsible and perhaps that the discharge put no one at risk. See, e. g., *585 Koon v. United States, 518 U. S. 81, 92-94 (1996). And, of course, the unusual nature of such a case means it is the kind of case that Congress did not have in mind when it enacted the statute. Moreover, an error that excludes (erroneously) a set of instances Congress meant to include (such as accidental discharge) could lead the Sentencing Commission to focus on those cases and exercise its investigative and judgmental powers to decide how those cases should be handled. This investigation would, in turn, make available to Congress a body of evidence and analysis that will help it reconsider the statute if it wishes to do so.
On the other hand, an interpretation that errs on the side of inclusion requires imposing 10 years of additional imprisonment on individuals whom Congress would not have intended to punish so harshly. Such an interpretation would prevent a sentencing court from giving a lower sentence even in an unusual case, for example, where the accident is unintended, unforeseeable, and imposes no additional risk. And such an interpretation, by erroneously taking discretion away from the sentencing judge, would ensure results that depart dramatically from those Congress would have intended. Cf. Harris v. United States, 536 U. S. 545, 570 (2002) (Breyer, J., concurring in part and concurring in judgment) (“[Statutory mandatory mínimums generally deny the judge the legal power to depart downward, no matter how unusual the special circumstances that call for leniency”). Moreover, because such unusual cases are (by definition) rare, these errors would provide little incentive to the Sentencing Commission or Congress to reconsider the statute.
These interpretive asymmetries give the rule of lenity special force in the context of mandatory minimum provisions. Because I believe the discharge provision here is sufficiently ambiguous to warrant the application of that rule, I respectfully dissent.